IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:21-cv-00353-MR-WCM

| | |
|---|---|
| ERIN OSMON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Dismiss [Doc. 6]; the Magistrate Judge's Memorandum and Recommendation [Doc. 11] regarding the disposition of that motion; and the Plaintiff's Objection to Memorandum and Recommendation [Doc. 12].

Pursuant to 28 U.S.C. § 636(b) and the Standing Orders of Designation of this Court, the Honorable W. Carleton Metcalf, United States Magistrate Judge, was designated to consider the Defendant's Motion to Dismiss and to submit a recommendation for its disposition.

On August 2, 2022, the Magistrate Judge issued a Memorandum and Recommendation, recommending that the Defendant's Motion to Dismiss be granted. [Doc. 11]. The parties were advised that any objections to the

Magistrate Judge's Memorandum and Recommendation were to be filed in writing within fourteen (14) days of service. The Plaintiff timely filed her Objection on August 16, 2022. [Doc. 12]. The Defendant responded to the Plaintiff's Objection on August 25, 2022. [Doc. 13].

The Federal Magistrate Act requires a district court to "make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In order "to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007). The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objections have been raised. Thomas v. Arn, 474 U.S. 140, 150 (1985). Additionally, the Court need not conduct a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

Here, the Plaintiff does not make any specific objections to the Magistrate Judge's Memorandum and Recommendation. Instead, she simply requests that the Court "reconsider Judge Metcalf's recommendation" and incorporates her previously made arguments by reference. [Doc. 12 at 2]. To the extent that this could be construed as an objection to the recommended dismissal of the Plaintiff's Complaint, such objection does not warrant a *de novo* review of the Magistrate Judge's reasoning. Aldrich v. Bock, 327 F.Supp.2d 743, 747 (E.D. Mich. 2004) ("A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context.").

After a careful review of the Memorandum and Recommendation, the Court concludes that the Magistrate Judge's proposed conclusions of law are correct and are consistent with current case law. Accordingly, the Court hereby accepts the Magistrate Judge's recommendation that the Defendant's Motion to Dismiss should be granted, and that this action should be dismissed without prejudice.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Plaintiff's Objection to Memorandum and Recommendation [Doc. 12], is **OVERRULED**, and the recommendation of the Magistrate Judge [Doc. 11] is **ACCEPTED**.

**IT IS FURTHER ORDERED** that the Defendant's Motion to Dismiss [Doc. 6] is **GRANTED**, and this action is hereby **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Signed: September 1, 2022

Martin Reidinger
Chief United States District Judge